UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LAURA AGUILERA,

        Plaintiff,

   vs.

HILLTOP LENDING CORP.; THANH
NGUYEN; ROSENDO FLORES; IRES CO.;
AURORA LOAN SERVICES; LLC; CAL-
WESTERN RECONVEYANCE CORP.,

        Defendants.

Case No:  C 10-0184 SBA

**ORDER**

Plaintiff Laura Aguilera filed the instant mortgage fraud action against Defendants
Aurora Loan Services LLC ("Aurora"), Hilltop Lending Corporation, Thanh Nguyen, Rosendo
Flores, Ires Company and Cal-Western Reconveyance Corporation in Alameda County
Superior Court on December 29, 2009.  On January 14, 2010, Aurora removed the action to
this Court, and the matter was assigned to Magistrate Judge James Larson.  On January 20,
2010, Plaintiff filed a motion for remand, which she noticed for hearing before Magistrate
Judge Larson for March 18, 2010.  Docket 4.  On February 25, 2010, Aurora filed a motion to
dismiss, which it noticed for hearing on April 7, 2010.  Docket 8.

On March 11, 2010, Magistrate Judge Larson sent the parties a letter instructing them to
specify whether they were willing to consent to the jurisdiction of a magistrate judge or
whether either of them desired to proceed before a district judge.  Docket 10.   On March 12,
2010, Aurora filed a consent to proceed before a magistrate judge.  Docket 11.  Plaintiff,
however, did not respond to Magistrate Judge Larson's letter.  As such, on March 31, 2010, the
matter was reassigned to this Court.  Docket 14.  The Court's reassignment notice advised the
parties that all previously pending dates have been vacated.  On April 1, 2010, Aurora

1   renoticed its motion to dismiss on this Court's calendar.  Plaintiff did not renotice her motion to

2   remand; however, she has not withdrawn such motion and it remains pending on the docket.

3           At this juncture, it is unclear whether this case should proceed before this Court or

4   before a magistrate judge.  Although Aurora previously consented to having all further

5   proceedings before a magistrate judge, Plaintiff has not confirmed her position on the matter.

6   Indeed, the fact that Plaintiff previously noticed her motion for remand before Magistrate

7   Judge Larson indicates her intent to consent to his jurisdiction.  Therefore, to avoid any

8   ambiguity in the record, the Court orders Plaintiff to file either a consent to proceed before a

9   magistrate judge or a request for reassignment to a district judge, per Magistrate Judge

10  Larson's letter of March 11, 2010.

11          In the event that Plaintiff consents to the jurisdiction of a magistrate judge, the matter

12  will be reassigned accordingly, and the parties may renotice their motions before the assigned

13  magistrate judge.  Should Plaintiff decline to consent to the jurisdiction of a magistrate judge,

14  the Court will set a briefing schedule and hearing date on her motion to remand, which must be

15  resolved prior to the Court's consideration of the motion to dismiss.  See Morongo Band of

16  Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988)

17  (recognizing that jurisdiction is a threshold inquiry before the adjudication of any case before

18  the court).  Accordingly,

19          IT IS HEREBY ORDERED THAT by no later than **May 14, 2010**, Plaintiff shall

20  respond to Magistrate Judge Larson's letter of March 11, 2010, and file either the consent form

21  or request for reassignment.  Should Plaintiff fail to comply with this Order, the Court may

22  impose sanctions, up to and including dismissal of the action.  Plaintiff's motion for remand

23  and Aurora's motion to dismiss shall be held in abeyance pending determination of whether the

24  action will be reassigned to a magistrate judge or will remain with this Court.  The hearing on

25  Aurora's motion to dismiss scheduled for May 18, 2010 is VACATED.

26          IT IS SO ORDERED.

27  Dated: May 10, 2010

28          SAUNDRA BROWN ARMSTRONG
            United States District Judge