1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11   Laura Aguilera,                          No. C 10-0184 JL
12              Plaintiff,
                                              **DISMISSAL WITH PREJUDICE**
13        v.
14   Hilltop Lending Corporation, et al.,
15              Defendants.
     _____/
16
17   **I.    Introduction**
18        This lawsuit was originally filed in Alameda County Superior Court and removed by
19   Defendants as authorized by 28 U.S.C. §1331, this Court having original jurisdiction under
20   15 U.S.C. §1601, the Truth in Lending Act ("TILA"). All parties consented to this Court's
21   jurisdiction under 28 U.S.C. §636(c). Plaintiff's motion to remand to state court and for an
22   award of attorney's fees and costs (Docket # 4), and Defendants' motion to dismiss, to
23   strike punitive damages claim, and to lift lis pendens (Docket # 8, 26 ) came on for hearing.
24   Attorney for Plaintiff was Stevan J. Henrioulle, Law Office of Uy & Henrioulle; Attorney for
25   Defendants was Justin D. Balser, AKERMAN SENTERFITT LLP, Los Angeles, California
     and Denver, Colorado.
26
27        The Court carefully considered the moving and opposing papers and the arguments
28   of counsel and hereby grants Defendants' motion to dismiss, to strike claims for punitive

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  damages, and to lift the lis pendens. Plaintiff's motion to remand and for an award of
2  attorney fees is denied as moot.

3        In its motion to dismiss, Aurora Loan Services LLC (Aurora) demonstrated that
4  Plaintiff's claims fail because, among other things,

5        (i) she has not tendered the indebtedness, which is a prerequisite under California
6  law to any claims seeking relief from a foreclosure sale;

7        (ii) there is no requirement in California for the lender to "produce the original note"
8  before foreclosing; and

9        (iii) Aurora, the loan's servicer, did not participate in the loan's origination and cannot
10  be held liable for any of the wrongs plaintiff alleges when she obtained the loan.

11        Plaintiff argues that the tender rule, which has repeatedly been upheld by California
12  Federal District Courts, including in the last few weeks, is "antiquated." She also continues
13  to demand the production of the original note and references problems with the loan's
14  origination without explaining any connection between any alleged conduct by the broker or
15  originating lender and Aurora. Plaintiff's opposition does not refute the arguments in
16  Aurora's motion to dismiss and does not save the complaint, which should be dismissed
17  with prejudice.

18  **II.    Factual Background, per Plaintiff**

19        The Complaint in this action alleges that around July, 2007, Plaintiff was approved
20  for a bifurcated transaction, resulting in a $537,600.00 first loan and a $134,400.00 second
21  loan to facilitate Plaintiff's purchase of the property situated at 981 Hollice Lane, Livermore,
22  California.

23        After discussing Plaintiff's situation in Spanish, the loan was processed and
24  approved as a stated income loan, with no attempts at income analysis made by any
25  Defendants. Plaintiff was not required by any Defendant to submit any substantial
26  documentation for her loan beyond basic debt and asset verification – in large part because
27  failure to perform their own due diligence had the direct effect of fattening Defendants' own
28  proverbial wallets. Indeed, Plaintiff's loan payments eventually ballooned from $1,900.00 to

United States District Court

For the Northern District of California

1  $5,575.52 under the terms of her usurious loans. No consideration of the ability of Plaintiff

2  to repay her loan with any sort of realistic means test was made by Defendants. No attempt

3  was made to verify Plaintiff's income in the form of W-2's or tax returns, nor did the

4  mortgage funder in its underwriting process analyze Plaintiff's income levels to any degree,

5  instead approving the loan on the basis of credit score and foreclosure value of the

6  property, in order to ensure that Defendants would reap tidy profits from an overly hefty

7  mortgage, property to resell after seizure via foreclosure, or some combination of the two.

8  Moreover, none of the Defendants explained to Plaintiff the nature and consequences or

9  the advantages and disadvantages of an Adjustable Rate Note. In addition, Plaintiff did not

10 comprehend that the interest rate of the loan would rise precipitously, beginning within

11 months.

12     Plaintiff was not forewarned of the possible negative effects of executing an

13 Adjustable Rate Note. Plaintiff was not given a meaningful opportunity to look for an

14 alternative source of funds to purchase her property, nor was she given the opportunity to

15 compare the terms and conditions of Defendants' loan to the loan packages of other

16 lenders, as the loan was rushed towards closing.

17     Plaintiff purportedly also signed and delivered a Deed of Trust, wherein Plaintiff (as

18 trustor) conveyed to Financial Title Co. (as trustee) an interest in the subject Property as

19 security for payment of her Notes to Defendants. A later July 2, 2009 Substitution of

20 Trustee purported to replace Financial Title Company with Defendant Cal-Western

21 Reconveyance Corp.

22     On or about December 15, 2008, a Notice of Default and Election to Sell was

23 recorded in the Official Records of Alameda County, California. A Notice of Trustee's Sale

24 was subsequently recorded on August 24, 2009, and a Trustee's Deed Upon Sale recorded

25 on October 10, 2009, after AURORA obtained legal title to the property. Subsequent to the

26 illegal foreclosure, AURORA prosecuted an illegal Unlawful Detainer action and evicted

27 Plaintiff and her family.

28

United States District Court

For the Northern District of California

1    Plaintiff is informed and believes that the entity which is engaging in foreclosure and

2    eviction proceedings on the Subject Property was not the Holder of the Promissory Note

3    and Deed of Trust, and did not have both those documents in their possession at the time

4    the foreclosure proceedings was initiated. Plaintiff also alleges that the foreclosing

5    Defendant was not the Holder in Due Course and thus was not entitled to foreclose on the

6    Subject real Property or subsequently evict Plaintiff and the other occupants of Subject

7    Property.

8    Plaintiff further alleges in her Complaint that the foreclosing Defendants had no legal

9    authority to commence the foreclosing process regarding the subject real property because

10   of the illegality of the transaction, which nullifies the obligation of the Plaintiff, combined

11   with fraud that induced Plaintiff to sign her security instruments with neither knowledge nor

12   reasonable opportunity to learn of its character or its essential terms.

13   The Complaint alleges that it was not until about the time of the commencement of

14   the foreclosure proceedings that Plaintiff became aware of the violations of federal and

15   state laws and the wrongdoing of Defendants as alleged herein. The Actions and

16   representations of Defendants caused Plaintiff not to be put on notice of the illegality of the

17   transaction and of her rights of recourse for the actions of Defendants. Plaintiff had relied

18   on the statements and actions of Defendants, placing faith and confidence in the

19   relationship between Plaintiff and the Defendants. Ultimately, she was lulled into a false

20   sense of security and misdirected from the illegal acts of Defendants as alleged in Plaintiff's

21   Complaint.

22   **III.    ANALYSIS**

23   **A.    The Tender Rule bars any claims seeking to set aside the sale**

24   Plaintiff does not dispute that the foreclosure sale has already occurred. Accordingly,

25   as California Federal District Courts have repeatedly held, any challenge to the sale would

26   require plaintiff to tender the indebtedness. In a recent decision, *Kozhayev v. America's*

27   *Wholesale Lender*, No. Civ. S-09-2841, 2010 WL 3036001, at *4 (E.D. Cal. July 30, 2010),

28   for example, Judge Drozd of the Eastern District noted:

United States District Court

For the Northern District of California

1  "A valid and viable tender of payment of the indebtedness owing is essential to an
2  action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. &
   *Loan Assn.*, 15 Cal.App.3d 112, 117 (Cal. App. 2d Dist. 1971). The overwhelming
3  majority of California district courts utilize the *Karlsen* rationale in examining
   wrongful foreclosure claims. *Anaya v. Advisors Lending Group*, 2009 U.S. Dist.
4  LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing
   to indicate that she is able to tender her debt to warrant disruption of nonjudicial
5  foreclosure"); *Alicea v. GE Money Bank*, No. 09-0091 SBA, 2009 WL 2136969, at *3
   (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and
6  a foreclosure is either pending or has taken place, the debtor must allege a credible
   tender of the amount of the secured debt to maintain any cause of action for
7  foreclosure."); *Montoya v. Countrywide Bank,* No. C09-00641 JW, 2009 WL
   1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires
8  that as a precondition to challenging a foreclosure sale, or any cause of action
   implicitly integrated to the sale, the borrower must make a valid and viable tender of
9  payment of the secured debt"). The application of the "tender rule" prevents "a court
   from uselessly setting aside a foreclosure sale on a technical ground when the party
10 making the challenge has not established his ability to purchase the property."
   *Williams v. Countrywide Home Loans*, No. C 99-0242 SC, 1999 WL 740375, at *2
11 (N.D. Cal. Sept. 15, 1999).

12 Based on this, he further held that "[b]ecause plaintiffs have not alleged any facts

13 supporting their ability to tender payment, defendants' motion to dismiss those causes of

14 action seeking to enjoin foreclosure proceedings or order rescission of the loan agreement

15 should be granted." *Kozhayev*, 2010 WL 3036001, at *4.

16 Plaintiff's argument that the tender rule is inapplicable because it is "antiquated" is

17 simply untrue.

18 **B.   The lender does not need to produce the Note to foreclose**

19 Plaintiff argues she cannot show the sale was in any way defective because

20 Defendants have refused to produce the original note (allegedly to show there was no

21 separation of the note from the deed of trust). As an initial matter, plaintiff fails to explain

22 when, if ever, she made such a demand before the sale occurred. In any event, there is no

23 requirement under California law that the lender possess or produce the note before

24 initiating foreclosure. In *Gumbs v. Litton Loan Servicing,* No. 2:09-cv-01159-GEB-GGH,

25 2010 WL 1992199, at *12 (E.D. Cal. May 13, 2010), for example, the court explained:

26 "[C]ontrary to Plaintiffs' assertions, the party initiating the foreclosure process need
   not be in possession of the note. See *Quintero Family Trust v. Onewest Bank,*
27 *F.S.B.*, No. 09cv-1516-IEG (WVG), 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2009)
   (stating that "under California law there is no requirement for production of the
28 original note to initiate nonjudicial foreclosure proceedings"); *Morgera v.*

United States District Court
For the Northern District of California

*Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *7 (finding that "[t]here is no requirement that the party initiating non-judicial foreclosure proceedings be in possession of the original note"); *Champlaie v. _BAC Home Loans Servicing, LP,* 2009 WL 3429622, at *14 (concluding that "neither possession of the promissory note nor identification of the party in possession is a pre-requisite to non-judicial foreclosure); *Castaneda v. Saxon Mortgage Services*, Inc., No. CIV 2:09-01124 WBS DAD, 2009 WL 4640673, at *7 (finding that "[u]nder California law, there is no requirement for the production of the original note to initiate a nonjudicial foreclosure").

Therefore, Plaintiffs' allegation that Defendants are not in possession of the note does not state a wrongful foreclosure claim." Plaintiff's "produce the note" theory as a means to challenge a proper foreclosure has no legal basis and cannot support any viable claims.

### C.    Plaintiff has no remedies under Civil Code § 2923.5 or 2923.6

In its motion to dismiss, Aurora argued Plaintiff's claims under California Civil Code § 2923.5 and 2923.6 were not privately-actionable and were preempted. Since that motion's filing, as Plaintiff notes, the California Court of Appeal ruled there is a private right of action under 2923.5 and that the statute is not preempted if interpreted in its narrowest sense. Conceding this, Aurora withdrew these arguments.

But Plaintiff's claims fail anyway because that same Court of Appeal decision, *Mabry v. Superior Court,* -- Cal.Rptr.3d --, 2010 WL 2180530 (Cal. Ct. App. June 2, 2010), ruled section 2923.5 provides a pre-sale remedy only. The only available remedy is a postponement of the foreclosure sale. *Mabry*, 2010 WL 2180530, at *11-12. In *Mabry*, the Court of Appeal, Fourth District, Third Division carefully considered the language, context, and purpose of the statute, and found the only remedy is "more time" for a borrower before the foreclosure sale occurs. The court explicitly held: "To repeat: The right of action is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Id.*, at *1. Once the sale is held, the statute is no longer actionable.

Moreover, the court also held an alleged section 2923.5 violation before the foreclosure sale does not affect title after the sale. Id., at *14. In doing so, the Court

**United States District Court**
For the Northern District of California

1    recognized the purpose of the foreclosure statutes in general is to ensure "stability of title"

2    after a completed sale, and that nothing in the statute can be read to suggest the

3    Legislature intended to upset that. The court further found "[t]here is nothing in section

4    2923.5 that even hints that noncompliance with the statute would cause any cloud on title

5    after an otherwise properly conducted foreclosure sale," and once again emphasized the

6    only remedy is a postponement before the sale takes place. Id.

7        Again, there is no dispute in this case the sale has already been held. Accordingly,

8    Plaintiff has no recourse under section 2923.5. Nor does Plaintiff have any recourse under

9    section 2923.6, which the court in Mabry confirmed is, contrary to section 2923.5, not

10   privately-enforceable. *Mabry*, 2010 WL 2180530, at *6. Any claims based on alleged

11   violations of either section therefore cannot survive.

12        **D.    Plaintiff does not plead any unconscionability claim**

13        Unconscionability is not an affirmative claim but a defense; and even if it were an

14   affirmative claim, any claims based on the loan's terms would be preempted as to Aurora, a

15   wholly-owned subsidiary of a federal savings bank. Plaintiff does not substantively address

16   either point other than to repeat inflammatory allegations against other Defendants in the

17   case.

18        **E.    Plaintiff does not plead any claim for an accounting**

19        Plaintiff's claim for an accounting fails because she has shown no special

20   relationship with Aurora or any other circumstances to justify an accounting claim. Plaintiff

21   responds the "collusive relationship between Defendants creates an implicit agency

22   arrangement among them" creating a "many-headed hydra" designed to evade liability.

23   (Opposition, p. 13:17- 19). Plaintiff fails to explain why an agreement among the

24   Defendants (which itself is not explained anywhere in the complaint) creates a fiduciary

25   duty by Aurora to Plaintiff. Perhaps more importantly, she fails to explain why an

26   accounting is warranted now that the property has been sold in foreclosure and there is no

27   more loan.

28        **F.    Plaintiff's Quiet Title Claim fails**

         Plaintiff's quiet title claim fails because:

1        (i) she has shown no defects in the foreclosure sale;

2        (ii) she cannot pay back what she borrowed; and

3        (iii) she has no more interest in the property so as to quiet title in the property in

4   herself.

5        Plaintiff responds that she does not need to tender if nothing is due, that tender is

6   not necessary before the sale, and that tender is not a complete defense. (Opposition, p.

7   15:8-16). She fails to explain why nothing would be due on a 30-year loan that Plaintiff

8   defaulted on in roughly a year, why any argument relating to remedies before the sale is

9   relevant here, where the sale has already been held, or what equity she has offered such

10  the tender would not be a complete defense. Once again she fails to offer any plausible

11  reason this claim can survive.

12       **G.    Plaintiff has not pleaded any entitlement to declaratory or injunctive
               relief**

13

14       Plaintiff argues she is entitled to declaratory or injunctive relief against a completed

15  foreclosure sale and eviction. She offers no authority for the Court to rely on in enjoining

16  events that have already occurred. Nor has she explained any basis for a declaration, as

17  the claim is solely derivative and all of Plaintiff's underlying claims fail as a matter of law.

18       The case Plaintiff cites to on this point is completely inapposite. In *Hauger,* the

19  plaintiff bought real property from the defendants. As part of the deal, the defendants

20  agreed to include certain personal property as well. *Id.* at 753. The defendant failed to

21  deliver the personal property and the plaintiff therefore stopped making payments on the

22  loan. *Id.* at 754. The defendant, still refusing to deliver the personal property, then

23  foreclosed based on the plaintiff's non-payment, which foreclosure the plaintiff challenged

24  in court. In allowing the plaintiff's claims to proceed, the court did not hold that tender was

25  not required. Instead, the court held that because the personal property was (allegedly)

26  worth more than the remaining installments under the loan, there was no indebtedness at

27  the time of the foreclosure sale at all, and the sale was therefore improper. *Id.* at 755. Here,

28  Plaintiff provides no support for her allegation that the payments she made in one year on a

30-year loan are worth more than the remaining balance. Hauger therefore does not apply.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

#### H.     Plaintiff has not shown entitlement to punitive damages

2    Plaintiff's response to Aurora's motion to strike her demands for punitive damages

3 offers nothing more than the same unsupported allegations against other Defendants that

4 permeate the complaint. Plaintiff still fails to explain Aurora's role in the alleged "scheme,"

5 much less that Aurora's unexplained participation warrants punitive damages. Plaintiff's

6 requests for punitive damages should be stricken as baseless and improper.

7

#### I.     The Lis Pendens should be expunged

8    Plaintiff's opposition to Aurora's motion to expunge the lis pendens does nothing

9 more than list the claims alleged in the complaint. As Aurora has demonstrated throughout,

10 each one of these claims is baseless and fails as a matter of law. Plaintiff therefore has not

11 shown a valid real property claim on which to base a lis pendens. The lis pendens is

12 therefore expunged.

13

#### IV.     CONCLUSION

14    For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice and the

15 notice of pendency of action expunged from the public record. The  request for punitive

16 damages is stricken. Plaintiff's motion to remand and for an award of attorney fees are

17 denied as moot. The Clerk shall close the file.

18    IT IS SO ORDERED.

19 DATED: August 25,  2010

20

21 _____
James Larson
United States Magistrate Judge

22

23

24

25 G:\JLALL\CASES\CIVIL\10-0184\DISMISSAL.wpd

26

27

28